UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:
Gayle L. Millis,
Debtor.

Chapter 7
Case No. 20-21271-kmp

Adam Fischer,
Plaintiff,

v.

Adv. No. 20-2078

Gayle L. Millis,
Defendant.

**DECISION AND ORDER**

This dispute involves a landlord-tenant relationship gone sour. Adam Fischer, a commercial landlord, initiated this adversary proceeding seeking a determination that Gayle Millis, a former tenant and the Debtor in this bankruptcy case, owes him a nondischargeable debt pursuant to 11 U.S.C. § 523 due to her failure to turn over $70,000 that she received from subtenants of the properties she rented from him and due to damaged appliances and appliances stolen from the properties. In his Amended Complaint, Mr. Fischer seeks to except from Ms. Millis' discharge the funds she received from the subtenants that she did not turn over to him under § 523(a)(2)(A) due to false pretenses, a false representation, or actual fraud and under § 523(a)(4) for larceny. Mr. Fischer also seeks to except from Ms. Millis' discharge the alleged stolen appliances under § 523(a)(4) for larceny, and the alleged stolen and damaged appliances under § 523(a)(6) for willful and malicious injury. Ms. Millis has moved to dismiss all of the claims asserted in the Amended Complaint. For the reasons stated below, Ms. Millis' Motion to

Dismiss as to the larceny claim related to the subtenant funds is granted, but the Motion is otherwise denied.

## **Statement of Jurisdiction**

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and the order of reference from the district court pursuant to 28 U.S.C. § 157(a). *See* Order of Reference (E.D. Wis. July 10, 1984) (available at www.wied.uscourts.gov/gen-orders/bankruptcy-matters) (last accessed March 31, 2021). As a proceeding to determine the dischargeability of a debt, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and the Court may enter a final judgment pursuant to 28 U.S.C. § 157(b)(1). Neither the Amended Complaint nor the Motion to Dismiss contained a statement that the party "does or does not consent to entry of final orders or judgment by the bankruptcy court" as required by Bankruptcy Rules 7008 and 7012(b). Pursuant to Local Rules 7008 and 7012, such a failure "constitutes a forfeiture of that party's right to withhold that consent." Accordingly, the Court has the consent of all parties and may enter a final judgment in this action.

## **Motion to Dismiss Standard**

The Debtor-Defendant seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." *See* Fed. R. Bankr. P. 7012 (incorporating Rule 12(b) in adversary proceedings). The Court accepts as true all of the allegations in the complaint, and this factual content must be sufficient for the Court to draw the reasonable inference that the Debtor-Defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Further, "[w]here a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). A court considering a motion to dismiss a complaint under Rule 12(b)(6) may consider exhibits attached to the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Debtor-Defendant also asserts that the Amended Complaint's allegations of fraud under § 523(a)(2) are not stated with particularity as required by Rule 9(b). *See* Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." This typically means that a plaintiff must identify "the who, what, when, where, and how . . . ." *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir. 1990).

**Factual Background**

The Amended Complaint alleges the following. The Plaintiff is in the business of owning and managing commercial properties and has leased a number of these properties for the purpose of maintaining and operating group homes. Amended Complaint, Docket No. 10, ¶ 11. The Debtor-Defendant was a tenant of two commercial properties of the Plaintiff located at 1060 East Connie Lane, Oak Creek, Wisconsin, and 9039 South River Edge Drive, Oak Creek, Wisconsin. *Id.*, ¶ 12. A copy of the residential lease agreement for the Connie Lane property and for the River Edge Drive property are attached to the Complaint as Exhibit 1 and Exhibit 2.[1]

[1] The exhibits to the Complaint have all been incorporated by reference into the Amended Complaint. See Amended Complaint ¶ 12, 15.

Docket No. 1-1; Docket No. 1-2. The rental agreements prohibited any assignment or sublease without the written consent of the Plaintiff. *Id.*

In the Spring of 2019, the Plaintiff agreed that the Debtor-Defendant could sublease the two properties on the condition that she immediately turn over the proceeds of the subleases to pay debts she owed to the Plaintiff. Amended Complaint, ¶ 13. The Debtor-Defendant represented to the Plaintiff that if he would grant such permission, she would collect those moneys directly for the benefit of Plaintiff. *Id.*, ¶ 14. She represented she would immediately tender any moneys collected to the Plaintiff. *Id.* The Plaintiff would have never given permission to the Debtor-Defendant to sublease the properties without the representation that the proceeds would be turned over. *Id.*, ¶ 26.

Exhibit 3 to the Complaint is an agreement between the Debtor-Defendant and one of the subtenants for the River Edge Drive property. Docket No. 1-3, p. 2. The Agreement states that the subtenant can use the River Edge property as a "home based-business: Adult Family Home." It includes a copy of a check for $25,000 with "Purchase Business" written on the memo line. *Id.*, p. 13. It also includes a document titled "Franchise Subcontract for Eliana Homes," in which it appears the subtenant purchased a franchise license from Eliana Homes for $35,000. *Id.*, p. 14. The Debtor-Defendant obtained a similar agreement with the subtenant for the Connie Lane property. Amended Complaint, ¶ 15.

The Debtor-Defendant collected what she called "franchise fees," or large flat fee sums from the subtenants. *Id.* According to the Amended Complaint, the Debtor-Defendant also misrepresented the true nature of ownership to the subtenants. *Id.* She led them to believe that she was the true owner of the real estate because she gave them an option to purchase the

properties *Id.* The Debtor-Defendant collected $35,000 from each of these two properties, for a total of $70,000. *Id.* She did not turn these funds over to the Plaintiff. *Id.*

The Plaintiff also alleges that the Debtor-Defendant intentionally, willfully, and maliciously damaged appliances at the Connie Lane property and three other properties rented by the Debtor Defendant and that the Debtor-Defendant stole appliances from the River Edge Drive property. *Id.,* ¶ 20.

## Analysis

### I. The Amended Complaint states a claim under § 523(a)(2)(A) and pleads it with particularity related to the subtenant fees.

In his Amended Complaint, the Plaintiff seeks to except from the Debtor-Defendant's discharge the $70,000 in funds she received from the subtenants. The Plaintiff asserts that this debt is nondischargeable under § 523(a)(2)(A) due to false pretenses, a false representation, or actual fraud because the Debtor-Defendant falsely represented to him that she would turn over the funds received under the subleases if he permitted her to sublet the properties.

Section 523(a)(2) of the Bankruptcy Code provides that

> "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt –
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Section 523(a)(2)(A) requires the Plaintiff to establish that: (1) the Debtor-Defendant made a false representation or omission, which the Debtor-Defendant either knew was false or made with reckless disregard for the truth; (2) the Debtor-Defendant possessed an intent to deceive or defraud; and (3) the Plaintiff justifiably relied on the false representation. 11 U.S.C.

§ 523(a)(2)(A); *Reeves v. Davis (In re Davis)*, 638 F.3d 549, 553 (7th Cir. 2011); *see also Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010). "Actual fraud" can also form the basis for excepting a debt from discharge under § 523(a)(2)(A). *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1590 (2016); *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000). Actual fraud includes "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *McClellan*, 217 F.3d at 893 (citation omitted). Because of the "fraud" aspects of this claim, the Plaintiff is required to plead this claim with particularity pursuant to Rule 9(b) to survive the Motion to Dismiss.

In her Motion to Dismiss, the Debtor-Defendant characterizes the facts as a promise to pay and failure to do so, which would merely establish an ordinary breach of contract claim but not a nondischargeable debt under § 523(a)(2). However, the Amended Complaint does not simply allege that the Debtor-Defendant told the Plaintiff she would pay him the funds she received from subletting two properties. It provides much more detail. It alleges that in the Spring of 2019, the Debtor-Defendant induced the Plaintiff to permit her to sublet the properties with the representation that she would turn over the funds she received. Then, allegedly, she entered into two "franchise agreements" as part of a deal to establish a group of "Adult Family Homes." This suggests the Plaintiffs may have never had the intent to collect funds from a traditional sublease or turn them over to the Plaintiff despite representing this to the Plaintiff. The Plaintiff has pled sufficient facts to support a claim for false pretenses, misrepresentation and fraud under § 523(a)(2). These allegations also suffice to plead a fraud claim with particularity.

The Debtor-Defendant asserts that "any sums that the Defendant collected from the sub-tenant from the sale of her own private business were funds that belonged to the Defendant . . .

[and] constituted the funds for the sale of the business that had been operated by the Defendant at the location set forth in the lease agreement." This, perhaps, suggests that the funds were not related to a sublease and she did not have an obligation to turn them over to the Plaintiff. Docket No. 13 at 6 and n.1. The Debtor-Defendant further insinuates that she received less than $70,000. All of these arguments raise *factual* disputes that are not something the Court can consider in the context of a motion to dismiss, where the Court must take the facts alleged in the Amended Complaint as true.

**II. The Amended Complaint fails to state a claim under § 523(a)(4) for larceny related to the subtenant fees.**

The Amended Complaint also asserts that the Debtor-Defendant obtained the $70,000 in "subtenant fees" through "larceny" and thus owes a debt that is nondischargeable pursuant to § 523(a)(4). Amended Complaint, ¶¶ 28-29. Larceny occurs "if the debtor has wrongfully and with fraudulent intent taken property from its owner." *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991).

As the Debtor-Defendant points out, the Plaintiff never owned the $70,000 and thus she could not have taken it from him by larceny. Any claim he has to the funds is based on her alleged representation that she would turn over the proceeds of the subleases to him. Accordingly, the Amended Complaint fails to state a claim for larceny as to the $70,000 in subtenant fees.

**III. The Amended Complaint states a claim under § 523(a)(4) as to the appliances removed from the River Edge Drive property.**

The Amended Complaint does state a different claim for larceny. It alleges the Debtor-Defendant took a stove, a refrigerator, a washer, and a dryer from River Edge Drive property. Amended Complaint, ¶ 20. These appliances belonged to the Plaintiff, and the Plaintiff did not

consent to the removal. *Id.*, ¶ 21. The Debtor-Defendant intended to permanently deprive the Plaintiff of them. *Id.* She admitted taking the items and only partially reimbursed the Plaintiff for these items. *Id.*

Again, the Motion to Dismiss raises questions of fact inappropriate for consideration at this procedural juncture. The Debtor-Defendant asserts, "The Plaintiff has alleged no facts of any nature that demonstrate that the Defendant participated in the removal of the missing personal property, or that she in fact, removed said items. To the contrary, the Plaintiff's questioning of the Defendant at the Section 341 hearing verified the exact opposite. . . At the same hearing, the Plaintiff knew the missing personal property was taken by the subtenant." Docket No. 13 at 7 and n.2. This is a fact issue that the Court cannot consider in the context of a motion to dismiss, where the Court must take the facts alleged in the Amended Complaint as true. The Amended Complaint sufficiently alleges that the Debtor-Defendant took the appliances and states a claim under § 523(a)(4) for larceny related to the missing appliances.

**IV. The Amended Complaint states a claim under § 523(a)(6) as to the missing and damaged appliances.**

Section 523(a)(6) of the Bankruptcy Code excepts from discharge debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Supreme Court analyzed the concept of a "willful" injury under § 523(a)(6) in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). In that case, the Supreme Court determined that debt from a medical malpractice judgment did not fit within § 523(a)(6)'s exception to discharge. Observing that the word "willful," read to mean "voluntary," "intentional," or "deliberate," modifies the word "injury," the Court reasoned that nondischargeability under § 523(a)(6) "takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61. If the word "willful" did not constrain the exception in this way, "[e]very traffic accident stemming

from an initial intentional act – for example, intentionally rotating the wheel of an automobile to make a left-hand turn without first checking oncoming traffic – could fit the description." *Id.* at 62. In setting out its definition of "willfulness," the Seventh Circuit states that "the requisite intent for purposes of § 523(a)(6) is the intent to injure rather than the intent to act." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 775 (7th Cir. 2013).

Deeming a debt non-dischargeable under § 523(a)(6) requires the Court to find that there has been a "willful and malicious injury." According to the Seventh Circuit, "maliciousness exists when one acts in 'conscious disregard of one's duties or without just cause or excuse,'" but "does not require ill-will or specific intent to do harm." *Horsfall*, 738 F.3d at 775 (quoting *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994)). In sum, "[a] creditor invoking section 523(a)(6) must show that the debt at issue arises from an injury to the creditor's person or property, intentionally caused by the debtor, with some level of malice, wickedness, or a specific intent to inflict injury." *Heinrich v. Bagg (In re Bagg)*, 589 B.R. 650, 656 (Bankr. E.D. Wis. 2018) (citing *Horsfall*, 738 F.3d at 774-75).

The Amended Complaint alleges the Debtor-Defendant removed a stove, a refrigerator, a washer, and a dryer from the River Edge Drive property without the Plaintiff's consent. Amended Complaint, ¶¶ 20-21. It also alleges she damaged a microwave and stove at 8820 Carol Court, Oak Creek; a stove, microwave, refrigerator, garbage disposal unit, and gas fireplace at 2531 East Forrest Hill Avenue, Oak Creek; a refrigerator, dishwasher, stove and microwave at 9445 South Chicago Road, Oak Creek; and a stove, microwave, dishwasher and refrigerator at the Connie Lane property. *Id.*, ¶ 18. Multiple microwaves were fried from microwaving metal. *Id.*, ¶ 19. Refrigerators were full of slimy material placed in them. *Id.* Dishwashers were found with wires cut. *Id.* Garbage disposals were found with metal in the

units. *Id.* The damage occurred at the time the Debtor-Defendant and Plaintiff were having a falling out. *Id.* At the time of the property damage, the Debtor-Defendant was angry at the Plaintiff because the Plaintiff communicated that he would no longer overlook the Debtor-Defendant's actions in not meeting her obligations to the Plaintiff. *Id.*, ¶ 32.

These facts state a claim under § 523(a)(6). Destruction of multiple appliances in this manner could have only been accomplished by someone purposefully acting to cause damage. It would have taken more than a mere intentional act to create these results; it would have taken an intent to injure. Moreover, the Plaintiff alleges that the Debtor-Defendant had a motive at the time the damage occurred, since the parties were having a falling out. Removal of appliances could also have been done with an intent to financially injure the Plaintiff, given that according to the Amended Complaint, the Debtor-Defendant intended to permanently deprive the Plaintiff of the appliances and did not fully reimburse him. *Id.*, ¶ 21.[2]

The Debtor-Defendant disputes whether the parties were having a falling out and states that she voluntarily gave up the keys to the premises. Docket No. 13, p. 9. The problem with this kind of response is that the purpose of a motion to dismiss is not to test the veracity of allegations made in a complaint, but whether those allegations, *if accepted as true*, state a claim. Here, the Court must accept the facts as a stated by the Plaintiff. The Debtor-Defendant will have the opportunity to challenge the veracity of the statements either at trial or through a motion for summary judgment. Accordingly,

IT IS THEREFORE ORDERED: the Plaintiff's claim for larceny related to the subtenant fees under 11 U.S.C. § 523(a)(4) is dismissed.

---

[2] The Debtor-Defendant asserts that the Amended Complaint does not allege that the Plaintiff complied with Wis. Admin. Code § ATCP 134.06's requirements that he account for security deposits and itemize damage to the premises. A failure comply with this administrative provision does not defeat a claim for willful and malicious injury under § 523(a)(6).

IT IS FURTHER ORDERED: the Plaintiff's Motion to Dismiss is otherwise denied.

Dated: March 31, 2021

Katherine M. Perhach

Katherine Maloney Perhach
United States Bankruptcy Judge